IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| INTERNATIONAL FIDELITY INSURANCE COMPANY, | : : : | |
| Plaintiff, | : : | |
| vs. | : : | 5:06-CV-186 (CAR) |
| BMC CONTRACTORS, INC.; NILE, INC.; TRITT ENTERPRISES, INC.; HEFCO CONSTRUCTION, INC.; STAR BUILDING SYSTEMS, INC.; DORIS D. HEFNER, and LON DILLARD, | : : : : : : : | |
| Defendants. | : | |

***ORDER ON DEFENDANT NILE, INC.'S MOTION TO DISMISS OR STAY THE PROCEEDINGS AND COMPEL ARBITRATION***

Plaintiff International Fidelity Insurance Company filed this action against Defendants asserting breach of contract, negligence, and breach of indemnity agreement claims arising from Defendants' alleged default under a construction contract. Plaintiff filed the Complaint in this Court alleging subject matter jurisdiction based on diversity. Currently pending before the Court is Defendant Nile, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction or in the Alternative, Defendant Nile Inc.'s Motion to Dismiss or Stay the Proceedings and Compel Arbitration [Doc. 29]. Fidelity has responded to the motion. Defendant Nile moves to dismiss the claims against it pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, or in the alternative, dismiss or stay this proceeding pursuant to the Federal Arbitration Act and Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the contract sued upon requires arbitration of all claims made against Nile in this action. For

the reasons stated below, the Court finds no basis for dismissing the claims against Nile for lack of subject matter jurisdiction. However, the Court will compel arbitration and stay the proceedings against Defendant Nile. Defendant Nile's motion [Doc. 29] is therefore **GRANTED in part and DENIED in part**.

## BACKGROUND

The dispute in this case arises from the Defendants' alleged default under a construction contract. Defendant Hefco Construction, Inc., the general contractor, entered into a construction contract with Georgia Department of Juvenile Justice ("DJJ") to build a Youth Detention Center warehouse in Macon, Georgia (the "Project"). Plaintiff, a commercial surety, issued performance and payment bonds to Hefco for the Project. Hefco engaged the other Defendant subcontractors, including Defendant Nile, to perform certain labor for the Project. On April 1, 2004, Hefco entered into a subcontract with Defendant Nile ("Subcontract"). The Subcontract required Nile to lay concrete block for the building pad build-up, to prepare and pour concrete slab with a smooth finish using fiber reinforced concrete, and to lay brick veneer wall around the perimeter of the building. The Subcontract contained an arbitration clause wherein Hefco and Nile agreed to arbitrate "[a]ll claims, disputes and other matters in question rising out of, or relating to, this Subcontract or the breach thereof." [Dkt. 31-2, 10].

On August 8, 2005, DJJ informed Plaintiff that Hefco was in default under the construction contract for abandoning the contract, failing to perform and supervise work, and failing to pay subcontractors. DJJ terminated the contract with Hefco and demanded Plaintiff to perform under the bonds. Plaintiff claims it completed the work and has incurred substantial liabilities.

Plaintiff seeks damages against all of the Defendants alleging they breached their respective contracts and supply agreements and were negligent in performing work for the Project. As to Defendant Nile, Plaintiff alleges that Nile was negligent and breached the Subcontract by failing to properly lay and grout the block foundation wall, install rebar, and properly pour the concrete slab. Defendant Nile filed the motion at bar seeking either to dismiss Plaintiff's claims for lack of subject matter jurisdiction, or, in the alternative, dismiss or stay the action and compel arbitration. No other Defendant contends Plaintiff's claims are subject to a mandatory arbitration agreement.

## DISCUSSION

**1.     Dismissal for Lack of Subject Matter Jurisdiction**

Defendant Nile first moves this Court to dismiss Plaintiff's claims against Nile pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because Plaintiff cannot show the amount in controversy exceeds the $75,000.00 jurisdictional threshold for diversity jurisdiction under 28 U.S.C. § 1332(a). In order to invoke the Court's diversity jurisdiction, "a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000.00. Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003). A "plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith." Id. To justify dismissing the claim for lack of diversity jurisdiction, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount." Id. (internal quotations omitted). However, where a claim is made for indeterminate damages, "[the] 'legal certainty test' gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing

3

jurisdiction meets the jurisdictional minimum." Id.

Under either test, Defendant Nile meets its burden showing that the amount in controversy exceeds the $75,000.00 jurisdictional minimum. Nile argues that Plaintiff cannot meet its burden because the Subcontract required Nile to perform the work in exchange for $47,025.00, an amount clearly below $75,000.00. However, on the face of the Complaint, Plaintiff alleges that Nile's conduct caused damages exceeding $75,000.00. Furthermore, Plaintiff submitted the affidavit of Stewart L. Carlisle, Vice President of Construction Services for Nicorp,[1] showing that the cost to remedy the defective work was $114,913.00.[2] From this evidence it is clear that Plaintiff meets the jurisdictional threshold so that this Court may exercise diversity jurisdiction over Plaintiff's claims against Defendant Nile.

**2.    Arbitration**

Nile also seeks to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) because the claims against Nile are subject to the mandatory arbitration clause contained in the Subcontract; in the alternative, Nile moves to compel arbitration and stay the litigation pending arbitration. Arbitration provisions are governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq. Under the FAA, arbitration agreements are to be placed on the same footing as other contracts and doubts concerning the arbitrability of a matter are to be resolved in favor of arbitration. EEOC v. Waffle House, Inc., 534 U.S. 279, 289 (2002).

---

[1] Plaintiff hired Nicorp to take over the construction of the project after DJJ informed Plaintiff that Hefco had defaulted and required Plaintiff to perform under the bonds.

[2] The Court notes that in determining whether subject matter jurisdiction exists, "a court is permitted to investigate widely and has authority to look beyond the pleadings." ALI v. Fed. Bureau of Prisons, 2006 WL 2990216, *1 (11th Cir. Oct. 16, 2006) (citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)).

4

Here, Plaintiff does not contest the validity of the arbitration agreement, nor does Plaintiff contest that the claims against Nile are subject to the arbitration agreement. Rather, Plaintiff argues that the Court should not compel arbitration and stay the litigation because it would "frustrate the expeditious resolution of this action." (Pl. Resp. Br., 4). Plaintiff contends that the arbitrable claims against Nile are so closely intertwined with the non-arbitrable claims against the co-defendants that the Court should not compel arbitration and stay the litigation. The Court disagrees. The case law in this circuit clearly indicates that this Court must compel arbitration and stay the arbitrable claims. See Klay v. Pacificare Health Sys. Inc., 389 F.3d 1191, 1203 (11th Cir. 2004) (for arbitrable issues, "the language of [9 U.S.C. § 3] indicates that the stay is mandatory."); Bender v. A.G. Edwards & Sons, Inc., 981 F.2d 698, 699 (11th Cir. 1992) (court should order the action be stayed pending arbitration upon finding the claim is subject to an arbitration agreement); see also, 9 U.S.C. § 3. In fact, the Court must compel arbitration "even where the result would be possibly inefficient maintenance of separate proceedings in different forums." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 217 (1985).

Although the Court has no discretion and must stay the arbitrable claims against Defendant Nile pending arbitration, the Court does have discretion to stay the non-arbitrable claims against the co-defendants. See Klay, 389 F.3d at 1204 (in cases involving "litigants advancing both arbitrable and non-arbitrable claims . . . courts have discretion to stay non-arbitrable claims.") (citations omitted). It is "well established that a district court may order arbitration and refuse to stay nonarbitrable proceedings." Id. (citations omitted). In fact, when it is feasible to proceed with the litigation, courts generally refuse to stay proceedings of non-arbitrable claims. Id. (citations omitted).

Here, it is feasible to compel the arbitrable claims against Nile while allowing the litigation of the non-arbitrable claims against Nile's co-defendants to proceed. The arbitration of Plaintiff's claims against Nile will not result in duplicative proceedings and will not permit a decision in either proceeding to have preclusive effect in the other. The claims against Nile are separate and distinct from the claims against its co-defendants.

## CONCLUSION

For the reasons stated above, Defendant Nile's Motion to Dismiss for Lack of Subject Matter Jurisdiction or in the Alternative, Defendant Nile Inc.'s Motion to Dismiss or Stay the Proceedings and Compel Arbitration [Doc. 29] is **GRANTED in part and DENIED in part**. The Court will not dismiss Plaintiff's claims against Nile pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

The Court, however, **STAYS** all proceedings against **DEFENDANT NILE, INC**. and **ORDERS** Plaintiff and Defendant Nile, Inc. to proceed to arbitration in accordance with the Subcontract within **forty-five (45) days** of the date of this Order. If the parties are unable to arrange arbitration within this time period, the parties are DIRECTED to contact the Court and explain the reasons why they are unable to arbitrate this matter within the time period, and advise the Court of the date arbitration will occur.

The litigation with respect to Plaintiff's claims against the remaining Defendants shall proceed in accordance with the Scheduling and Discovery Order.

**SO ORDERED**, this 11th day of January, 2007.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

SSH/aeg