IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| INTERNATIONAL FIDELITY INSURANCE CO., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Civil Action No. 5:06-cv-186 (CAR) |
| BMC CONTRACTORS, INC.; TRITT ENTERPRISES, INC.; ROBERTSON-CECO II CORP.; HEFCO CONSTRUCTION, INC.; and DORIS D. HEFNER; | ) ) ) ) ) ) |
| Defendants. | ) ) |

*ORDER ON STAR'S MOTION FOR JUDGMENT ON THE PLEADINGS*

Plaintiff International Fidelity Insurance Co. ("IFIC") originally brought this action against seven different defendants alleging breach of contract and negligence claims arising from a construction project. The parties have filed various cross-claims and counter-claims. Some of the claims have been resolved, either through binding arbitration, or by the parties. This case is presently before the Court upon defendant/counter-plaintiff's Star Building Systems, Inc., a division of Robertson-Ceco II Corp. ("Star"), Motion for Judgment on the Pleadings [Doc. 121] regarding IFIC's breach of contract and negligence claims against Star. Upon due consideration of the pleadings, the arguments of counsel, and the relevant legal authorities, the Court **DENIES** Star's Motion [Doc. 121].[1]

---

[1] IFIC's contentions that Star's Motion is untimely are without merit. Based on the Court's January 22, 2007 Order extending discovery in this case, discovery closed on May 14,

**BACKGROUND**

Plaintiff IFIC filed its Complaint on June 2, 2006, pursuant to diversity jurisdiction, against seven separate defendants, including Hefco Construction, Inc. ("General Contractor"), BMC Contractors, Inc. ("BMC"), and Star, seeking to recover for the Defendants' negligence and breach of contract. The facts as pled in the Complaint and as pertinent to this Motion are as follows.

The General Contractor entered into a construction contract with the Georgia Department of Juvenile Justice ("Owner") to build a Youth Detention Center in Macon, Georgia for an original price of $755,363.00.  Plaintiff IFIC, as surety, issued performance and payment bonds for the project with penal sums of $755,363.00 each.  The General Contractor entered into a subcontract with BMC to design, fabricate, and erect a pre-engineered and fabricated metal building.  Star, a manufacturer of pre-engineered metal buildings, entered into an agreement with BMC to fabricate and deliver the pre-engineered metal building for $76,248.00.

On August 8, 2005, IFIC received written notice from the Owner declaring the General Contractor in default for, among other things, abandoning the contract, failing to properly perform and supervise the work, and failing to pay subcontractors as required.  Specifically as to Star, IFIC contends that Star breached its agreement to design, fabricate, and deliver an acceptable pre-engineered metal building.  Although Star delivered two separate buildings to the job site, both were rejected because they failed to meet required plans and specifications.  IFIC

---

2007.  Thus, dispositive motions were due on June 28, 2007 – 45 days after May 14, 2007.  Star filed the Motion at bar on June 19, 2007, which is well within the 45 day deadline after the close of discovery.

also contends that Star's conduct constitutes negligence which proximately caused damage to IFIC.

The Owner terminated the contract and demanded that IFIC as surety perform under the bonds. Accordingly, IFIC completed the project and has incurred liabilities of not less than $755,363.00 under the performance bond and $27,410.00 under the payment bond. As a result of IFIC's payments under the bonds, IFIC alleges that it has subrogation rights against the defendants, including the General Contractor, BMC, and Star.

After filing its Complaint, various parties filed cross-claims and counterclaims. As to Star, it filed a counter-claim against IFIC claiming breach of payment bond for IFIC's refusal to pay Star's claim for the cost of construction materials for which BMC failed to pay. Star also filed the Motion at bar claiming that IFIC cannot maintain its breach of contract and negligence claims against Star, and thus the Court should enter judgment on the pleadings in favor of Star pursuant to Fed. R. Civ. P. 12(c).

## STANDARD OF REVIEW

Federal district courts have applied a "fairly restrictive standard in ruling on motions for judgment on the pleadings." 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1368 at 222 (2004). To obtain a judgment on the pleadings, the moving party must clearly establish that no material fact remains unresolved and that it is entitled to judgment as a matter of law. See Andrx Pharm., Inc., v. Elan Corp., PLC, 41 F.3d 1227, 1232-33 (11th Cir. 2005) ("Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noted facts."). A motion for judgment on the pleadings is governed by the

same standard as a motion to dismiss for failure to state a claim upon which relief may be granted.  Mergens v. Druyfoos, 166 F.3d 1114 (11th Cir. 1999).  The Court may grant the motion only if it appears beyond doubt that the nonmovant can prove no set of facts in support of his claim, which would entitle him to relief, or if material facts are undisputed and judgment on the merits is possible by merely considering the contents of the pleadings.  See Harper v. Blockbuster Entertainment Corp., 139 F.3d 1385, 1387 (11th Cir. 1998).  In ruling on a motion for judgment on the pleadings, the Court must view the complaint in the light most favorable to the plaintiff.  In general, the plaintiff need not set forth all the facts upon which the claim is based; rather, a short and plain statement of the claim is sufficient if it gives the defendant fair notice of what the claim is and the grounds upon which it rests.  Harris v. Procter & Gamble Cellulose Co., 72 F.3d 321, 324 (11th Cir. 1996).

     Federal Rule Civil Procedure 8(a)(2) requires only "a short and plain statement of the clam showing that the pleader is entitled to relief."  This standard has become known as "notice" pleading because all that is necessary is that the plaintiff provide enough information to put the defendant on notice as to the allegations being made.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  In ruling on the sufficiency of a claim, the Court is instructed to construe all pleadings so as to do substantial justice and to resolve all ambiguities in favor of the nonmovant.  See Bradley Factor, Inc. v. United States, 957 F. Supp. 1259, 1260 (M.D. Fla. 1997).

## DISCUSSION

Star's dismissal contentions center around its argument that Star and IFIC are not in privity of contract.  Star contends that IFIC has failed to allege or otherwise establish any contractual relationship between it and Star, and has similarly failed to allege any duty of care owed to IFIC by Star.  Thus, Star contends that IFIC has failed to identify any grounds upon which it bases its breach of contract and negligence claims against Star, and therefore IFIC's claims against Star should be dismissed pursuant to Rule 12(c).

**<u>Breach of Contract Claims</u>**

Under Georgia law, a plaintiff states a claim for breach of contract when he alleges: (1) the parties had a contract, (2) which the defendant breached, and (3) the plaintiff suffered damages.  <u>Brenner v. Future Graphics, LLC</u>, 2006 WL 5306540 (N.D. Ga. 2006) (citing <u>Budget Rent-a-car v. Webb</u>, 220 Ga. App. 278, 279 (1996)); <u>see also</u> <u>Kuritzky v. Emory University</u>, 294 Ga. App. 370 (2008) (citing <u>Odem v. Pace Academy</u>, 235 Ga. App. 648, 654 (1998) ("[T]he elements for a breach of contract claim in Georgia are merely the breach and the resultant damages to the party who has the right to complain about the contract being broken.")).

The Court finds that IFIC has sufficiently stated a claim for breach of contract in this case.  Although IFIC does not specifically allege that *IFIC* and Star had a contract, IFIC does allege that Star had a contract, that Star breached that contract, and that as a result of Star's breach, IFIC, as surety, suffered damages.  It is apparent from such allegations that IFIC *as surety* is suing on Star's contract with BMC.  Moreover, IFIC specifically alleges that "[a]s a result of the Surety's payments under the bonds, it has subrogation rights against . . . Star. . . ." (Compl. ¶ 22).  As such, Star has sufficient notice of IFIC's claims for breach of contract by

right of subrogation. Under Georgia law, "[a] surety who has paid the debt of his principal shall be subrogated, both at law and in equity, to all the rights of the creditor. . . ." O.C.G.A. § 10-7-56.

Star maintains that IFIC's claims must be dismissed because IFIC does not allege, nor can it prove under any set of facts, that IFIC and Star are in privity of contract. In order to maintain a suit on a contract, privity of contract must exist between parties to the contract. Sofet v. Roberts, 185 Ga. App. 451, 452 (1987) (citing Steel & Supply Co. v. Goode Constr. Co., 83 Ga. App. 821, 822 (1951)). However, this Court cannot state that IFIC can prove no set of facts to show that it is in privity with Star. This Court cannot, based on the pleadings, address the merits of IFIC's claims. The Court needs more information to determine, for example, whether the Owner (and therefore IFIC as surety) is a third-party beneficiary of the General Contractor's contract with Star, and whether by virtue of its payment under the bonds, IFIC is subrogated to the owner's rights. IFIC has satisfied the notice pleading requirements, and thus, Plaintiff's breach of contract claims survive. IFIC is not required to file an amended Complaint to specifically allege that it is a third-party beneficiary or that privity exists. IFIC has provided sufficient notice of such allegations.

**Negligence Claims**

Generally, under Georgia law,

> no privity is necessary to support a tort action, but, if the tort results from the violation of a duty which is itself the consequence of a contract, the right of action is confined to the parties and those in privity to that contract, except in cases where the party would have a right of action for the injury done independently of the contract. . . .

O.C.G.A. § 51-1-11(a).  Star contends that IFIC cannot maintain a claim for negligence because there is no privity between IFIC and Star, and any alleged duty, if it exists at all, arises from Star's contractual relationship with BMC, to which IFIC lacks privity.   As previously stated, however, this Court cannot state, based on the pleadings, that IFIC can prove no set of facts to show that it is in privity with Star.  Thus, this Court cannot grant judgment on the pleadings regarding IFIC's negligence claims.

## CONCLUSION

For the foregoing reasons, Defendant Star's Motion for Judgment on the Pleadings [Doc. 121] is **DENIED**.

**SO ORDERED**, this the 14th day of July, 2009.

S/ C. Ashley Royal  
C. ASHLEY ROYAL  
United States District Judge

SSH